958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Lugard THOMPSON, Appellant.
 No. 91-3161.
 United States Court of Appeals, District of Columbia Circuit.
 April 1, 1992.
 
 1
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges
 
 JUDGMENT
 PER CURIAM
 
 2
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 3
 ORDERED AND ADJUDGED that Lugard Thompson's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 Lugard Thompson challenges his conviction on one count of possession with intent to distribute in excess of 50 grams of cocaine base. Thompson first asserts that the district court erred in denying his motion to suppress evidence seized from Thompson's car. The district court held that the search of the car was incident to a valid arrest. Although Thompson asserts that the arrest and subsequent search were invalid because the police lacked probable cause to arrest him, we reject this contention. Investigator Kirk Del Po of the Fifth District Vice Unit testified that he and two other officers spotted Thompson in a high-narcotics area, saw him move quickly to enter his car as the officers approached, saw one of his companions move as if putting something by the right rear tire of Thompson's car, and discovered drugs under both the right and left rear tires of the car. Because this evidence is sufficient to establish probable cause to arrest Thompson, we affirm the district court's denial of Thompson's motion to suppress.
 
 
 6
 Thompson next asserts that the district court erred in denying his motion for judgment of acquittal at the close of the government's case-in-chief and at the close of the government's rebuttal evidence, and that the evidence was insufficient to support his conviction. When a defendant proceeds with the presentation of his case after denial of a motion for judgment of acquittal at the close of the government's case-in-chief, the defendant waives his objection to that denial. United States v. Foster, 783 F.2d 1082, 1085 (D.C.Cir.1986) (en banc ). Although the defendant may renew his motion later in the trial, appellate review of the district court's denial of the later motion takes into account all evidence introduced to that point. Id.
 
 
 7
 In reviewing the denial of a motion for judgment of acquittal, we ask whether
 
 
 8
 viewing the evidence in the light most favorable to the Government, according the Government the benefit of all legitimate inferences, and recognizing that it is the jury's province to determine credibility and to weigh the evidence, a reasonable jury must necessarily entertain a reasonable doubt on the evidence presented.
 
 
 9
 United States v. Singleton, 702 F.2d 1159, 1163 (D.C.Cir.1983) (original emphasis). In the alternative, this court will reject a challenge to the sufficiency of the evidence and affirm a jury's determination of guilt if " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Long, 905 F.2d 1572, 1576 (D.C.Cir.) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (original emphasis)), cert. denied, 111 S.Ct. 365 (1990).
 
 
 10
 Under either formulation, the evidence was sufficient to support Thompson's conviction. Investigator Del Po testified that Thompson owned the car in which the drugs and scale were discovered. Del Po also testified that, from his position in the driver's seat, Thompson had ready access to both the overhead compartment from which the drugs were recovered and the area under the driver's seat from which the scale was recovered. Finally, Del Po testified that a backseat passenger could not have placed the scale under the driver's seat due to a metal obstruction, and Del Po did not observe any movement inside the car as the officers approached the vehicle.
 
 
 11
 We conclude that this testimony was sufficient to establish Thompson's possession of the drugs seized from the car. See United States v. Gibbs, 904 F.2d 52, 57 (D.C.Cir.1990); United States v. Whitfield, 629 F.2d 136, 143 (D.C.Cir.1980), cert. denied, 449 U.S. 1086 (1981). Furthermore, given the forensic chemist's testimony that the substance recovered from Thompson's car was 61.89 grams of crack cocaine and Detective David Stroud's testimony that the crack cocaine was intended for distribution in light of its quantity and value ($4880), we conclude that the evidence was sufficient to show Thompson's intent to distribute the drugs.
 
 
 12
 Because a rational juror would not necessarily have entertained a reasonable doubt on the evidence presented or, conversely, a rational juror could have found the essential elements of the crime charged beyond a reasonable doubt, we affirm Thompson's conviction.